UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM RUFFER,

    Plaintiff,

v.                                            CASE NO. 8:15-cv-1914-T-23TBM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

      In state court, Adam Ruffer sued (Doc. 2) State Farm Mutual Automobile Insurance Company for "underinsured motorist benefits." State Farm removed (Doc. 1) this action citing diversity jurisdiction. Moving (Doc. 9) to remand, Ruffer argues that the notice of removal fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (explaining the burden of proof). Ruffer argues that the amount in controversy is $21,233.30, which is the sum of (1) $5,233.30 in "medical bills and liens," (2) $1,440 in "wage loss" because of "time missed

following surgery," and (3) $14,560 in "lost earning capacity" "based upon his present inability to physically qualify for nursing program."[1]  (Doc. 9 at 6, 7)

Arguing that the amount in controversy exceeds $75,000, State Farm relies on a demand letter (Doc. 2-1), which alleges that the "total damages" are $92,635.16 (but which ultimately demands only $57,635.16).[2]  However, a demand letter "'is nothing more than posturing by the plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff." *Piazza v. Ambassador II JV, L.P.*, 2010 WL 2889218 (M.D. Fla. 2010) (quoting *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (O'Kelley, J.)).  The notice of removal admits that the letter demands — of the $92,635.16 — $45,000 for "interference with enjoyment of life," a description that is "entirely too vague to constitute an honest assessment of the claim."  (Doc. 1 at 9)

Further, State Farm argues that Ruffer's "loss of earning capacity claim could amount to $422,420" because the "wage he could make as a Registered Nurse . . . amounts to $14,560 over the span of one (1) year" and because he "has approximately twenty-nine (29) years of work-life expectancy."  (Doc. 1 at 6, 7; Doc. 10 at 7)  However, Ruffer explains that he claims "lost earning capacity" for

---

[1] Although the complaint lists other damages, such as damages for "pain and suffering" (Doc. 2 at 3), the "monetary value" of the other damages is "too speculative and immeasurable to satisfy the amount in controversy requirement." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002); *accord Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010).

[2] The letter ultimately demands only $57,635.16 because Ruffer received, of the $92,635.16, (1) $25,000 from "the underlying tortfeasor" through State Farm and (2) $10,000 from Ruffer's "Personal Injury Protection carrier." (Doc. 2-1 at 3; Doc. 10 at 4)

only one year (Doc. 9 at 6), and a "plaintiff is . . . the master of his own claim."[3] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Ruffer claims only $14,560 in "lost earning capacity."  (Doc. 9 at 6)

Finally, State Farm misinterprets *Black v. State Farm Mutual Automobile Insurance Company*, 2010 WL 4340281, at *2 (S.D. Fla. Oct. 22, 2010) (Cohn, J.), which states that "any set-off to which Defendant may be entitled is irrelevant at the jurisdictional stage, as the Court must look at the amount in controversy at the time of removal."  Citing *Black*, State Farm argues that a calculation of the amount in controversy must disregard any "set-off" that has occurred.  Thus, State Farm includes in the amount in controversy $36,783.93, which is the sum of (1) the $25,000 that Ruffer received from "the underlying tortfeasor," (2) the $10,000 that Ruffer received from "his Personal Injury Protection carrier," and (3) the $1,783.93 that Ruffer received from "United Healthcare," his health insurance company.  (Doc. 10 at 4)  However, *Black* disregards in calculating the amount in controversy a "set-off" that occurs after removal, not before removal.  2010 WL 4340281, at *2 (applying the rule that a "Court must look at the amount in controversy at the time of removal"); *accord Dudley*, 778 F.3d at 913 ("[J]urisdictional facts are evaluated as they stand at the time of removal.").  Ruffer received the $36,783.93 before State Farm removed this action and never claimed the money from State Farm.

---

[3] Ruffer's answers (Doc. 1-1 at 40) to State Farm's interrogatories explain that he "was unable to pass the physical [to become a registered nurse] due to numbness and weakness in [his] left arm and hand." Neither the complaint nor the answer suggests that the condition is permanent.

The amount in controversy is $21,233.30, which is the sum of $5,233.30 in "medical bills and liens," $1,440 in "wage loss," and $14,560 in "lost earning capacity." (Doc. 9 at 6)  Because State Farm fails to establish to any extent that the amount in controversy exceeds $75,000, Ruffer's motion (Doc. 9) to remand is **GRANTED**, and this action is **REMANDED** to the Circuit Court for Sarasota County.  The clerk is directed (1) to mail a certified copy of this order to the clerk of the circuit court and (2) to close the case.

ORDERED in Tampa, Florida, on December 15, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE